## CALEB M. HOLDEN *vs.* DAVID F. PARKER & others.

In an action on an account annexed against three persons for the price of wood sold, to which the answer was a general denial, the defendants put in evidence a bill of sale of the wood from the plaintiff to them, which recited the payment of the consideration by all three. *Held,* that the defendants might introduce oral evidence that it was agreed between the parties at the time of sale that two thirds of the price should be paid by two of the defendants, and one third by the other; and that the two at the same time gave their note in payment of their share; and that the note was afterwards paid.

CONTRACT against David F. Parker, M. M. Garfield and James L. Monroe. The declaration alleged that the defendants, as co-partners, owed the plaintiff $898.10, according to an account annexed. The only debit item in the account was : " To wood on 11½ acres and 29 rods of woodland, at $200 per acre, $2336.25." Each of the defendants answered separately, and denied that he was ever a copartner with the other defendants, and also all the other allegations in the declaration.

At the trial in the Superior Court, before *Bacon,* J., the plaintiff put in evidence a bill of sale of the wood from the plaintiff to the defendants, in consideration of $200 an acre paid by the defendants, and introduced evidence that the defendants cut and carried away the wood ; and he also put in evidence a promissory note given by the defendants Parker and Garfield for two thirds of the price of the wood, which had been paid by them, and was credited to the defendants in his account.

The defendants offered evidence to show that, at the time the bill of sale was given, it was orally agreed between the parties that Garfield and Parker should pay two thirds of the purchase money, and Monroe the other third ; that Garfield and Parker at the same time gave the note aforesaid in payment of their share, and afterwards paid the same. To the admission of this evidence the plaintiff objected, on the ground that such agreement could not be shown by oral evidence, and also for the reason that the evidence was not admissible under the pleadings. The judge excluded the evidence, and the defendants consented to a verdict against them, which was returned, and Parker and Garfield alleged exceptions.

*G. F. Verry & F. A. Gaskill,* for Parker and Garfield.

*B. W. Potter,* for the plaintiff.

BY THE COURT. There was no occasion for the application of the rule which rejects parol evidence when offered to vary or control the contents of a written agreement. The action is upon an account annexed, for a balance due on the sale of growing wood to the defendants, which was made by the plaintiff's bill of sale to them. The defendants may show by parol that the consideration for the sale was wholly or in part paid at the time, or that it was to be paid in a particular manner or in specified proportions by the purchasers. The contents of the bill of sale produced are not thereby varied. *Lapham* v. *Whipple,* 8 Met. 59. The evidence offered was competent under the pleadings, not to show payment, but to show that, so far as Parker and Garfield were concerned, their share of the consideration was provided for at the time by an express agreement, so that no implied assumpsit ever arose.

*Exceptions sustained.*